**UNITED STATES of America,**
**Appellee,**

v.

**Steven JACOBS, also known as Pumpkin, also known as Punkin, Defendant–Appellant.**

**No. 02–1672.**

United States Court of Appeals,
Second Circuit.

Dec. 11, 2003.

Laurie S. Hershey, Garden City, NY, for Appellant.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Lisa M. Fletcher, Assistant United States Attorney, Elizabeth S. Riker, Assistant, United States Attorney, Syracuse, NY, for Appellee.

Present: CARDAMONE, SACK, and John R. GIBSON,* Circuit Judges.

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court dated October 25, 2002, be, and hereby is, AFFIRMED.

Defendant Jacobs pleaded guilty to one count of conspiring to distribute marijuana, in violation of 18 U.S.C. § 841, and one count of money laundering, in violation of 18 U.S.C. § 1956. In computing the defendant's sentence, the district court increased his offense level (1) three levels pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2J1.7 because it found that Jacobs committed the instant offenses while on release for another crime, and (2) two levels pursuant to U.S.S.G. § 3C1.1 because the court found that Jacobs obstructed justice by failing to appear for a hearing in a related offense. Jacobs appeals these enhancements to his sentence.

Jacobs challenges his sentence on appeal arguing for the first time that (1) the instant offenses did not occur while he was on release under an earlier indictment against him for international transportation of currency and (2) the district court should have made specific findings of fact to support its determination that Jacobs willfully obstructed justice in a related offense.

Although the events underlying the instant offense of money laundering are the same as those that supported the earlier indictment, the instant indictment also charges Jacobs with conspiracy to distribute marijuana. The conspiracy may have begun before his release under the earlier indictment, but the stipulated facts accompanying the plea agreement demonstrate that Jacobs's actions after his release inde-

pendently satisfy the elements of conspiring to distribute marijuana. Defendant Jacobs thus "committed [a crime] while on release." U.S.S.G. § 2J1.7.

 The defendant also has not demonstrated that the district court erred in increasing his sentence pursuant to U.S.S.G. § 3C1.1 without making particularized findings of fact that he "willfully" obstructed justice in "a closely related offense." "[P]articularized findings are unnecessary where the sentencing court speaks generally to the pertinent considerations and the specific facts are apparent from the record." *United States v. Manas*, 272 F.3d 159, 167 (2d Cir.2001). However, "[w]hen the sentencing court resolves a *disputed* issue of fact, it is required to state its findings with sufficient clarity to permit appellate review." *United States v. Reed*, 49 F.3d 895, 900–901 (2d Cir.1995) (emphasis added). At sentencing, Jacobs did not dispute the district court's general findings of willful obstruction of justice in a closely related offense, and the record adequately supports the district court's application of U.S.S.G. § 3C1.1. The district court was therefore not required to make particularized findings.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.